TOLL FREE: (803) 222-2222
FACSIMILE: (843) 494-5536

REPLY TO ANN STREET OFFICE
CMAD@AKIMLAWFIRM.COM

# POULIN | WILLEY
# ANASTOPOULO

AKIM A. ANASTOPOULO (SC)
ERIC M. POULIN (SC)(GA)(NC)(CA)
ROY T. WILLEY, IV (SC)(KY)(NJ)
_____

BLAKE G. ABBOTT (SC)(NC)
CONSTANCE ANASTOPOULO (SC)*
A. ELLIOTT HUGER BARROW, JR. (SC)*
ZACHARY BIEBER (SC)
BRADLEY BURGESS (SC)
MATTHEW J. BURGESS (SC)
JOSHUA P. CANTWELL (SC)
CHASE H. COBLE (SC)
RALPH JAMES D'AGOSTINO III (DC)
ERICA M. DOBRICH (SC)
PAUL DOOLITTLE (SC)
JACQUELINE A. DUFOUR (SC)
HERB F. GLASS (SC)(GA)
LANE D. JEFFERIES (SC)
BRENT KAUFMAN (SC) (GA)
TOM KYLE (WI, IL, IA)
NIKIRA M. LAFRANCE (NC) (SC)
ANGELINE LARRIVEE (NJ) (SC)
RYAN A. LOVE (SC)(NC)
STEPHANIE L. MASCELLA (SC)
FREDRICK J. MOGAB (SC)(NE)
JESSICA S. NELSON (SC)
J.C. NICHOLSON (SC)
JOHN NIXON (SC)
JULIA K. PIRILLO (WV)
JONATHAN RIDDLE (SC)
INDIA D. SHAW (SC)(DC)
ANDREW D. SMITH (SC)
JOSEPH E. THOENSEN (SC)
BRADLEY TINGER (SC)
NEIL WILLIAMS (SC)

**Class & Mass Action
Division**

July 11, 2023

**Submitted via ECF**
The Honorable James C. Dever, III
United States District Court
Eastern District of North Carolina
Terry Sanford Federal Building and United States Courthouse
310 New Bern Avenue
Raleigh, North Carolina 27601

*OF COUNSEL

**RE:    Selection of Plaintiff Leadership in Camp Lejeune Justice Act Litigation**

Undersigned counsel writes to the Court after its recent Order regarding proposed leadership structure, and in response to the United States' letter dated June 27, 2023.[1] As stated in our proposed case management plan submitted on April 21, 2023, and in our application for leadership appointment submitted to this Court on May 26, 2023, the class action mechanism is the most effective and efficient course of action to process the tens of thousands of claims before the Court, and the hundreds of thousands of claims to come in future filings.

To be clear, undersigned counsel does not object to the interview and selection process for plaintiff leadership selection outlined in the Court's Order of June 20, 2023.  Specifically, and of note, such appointment is permitted by F.R.C.P. 23(g)(3). *In re Camp Lejeune Water Litig.*, No. 7:23-cv-897, Dkt. 6.  Further, we agree with the Court that participation in the global case management should be "optional" and Rule 23 provides for that. *Id.* At 2.

Despite the issues raised by Defendant in its letter dated June 27, 2023, this litigation is not a formal MDL.  The court even noted such at the first hearing in these matters. Therefore forcing consolidation on Plaintiffs' counsel is improper and against the spirit of the law, as this Court has noted. The Fourth Circuit agrees.  *See Intown Properties Management, Inc. v. Wheaton Van Lines,* 271 F.3d 164, 168 (4th Cir.2001)("Consolidation is permitted as a matter of convenience and economy in administration, [but] does not merge the suits into a single cause, or

---

[1] *See Camp Lejeune Water Litigation*, Case No. 7:23-cv-00897-RJ at Dkt. No. 8.

**MAILING: 32 Ann Street, Charleston, South Carolina 29403**

**Charleston, SC | North Charleston, SC | Columbia, SC | Florence, SC | Greenville, SC | Myrtle Beach, SC | Charlotte, NC | Columbus, NC | Wilmington, NC (by appointment only)**

Case 7:23-cv-00022-NC-KS Document 21 Filed 07/11/23 Page 1 of 3

*change the rights of the parties*, or make those who are parties in one suit parties in another.")(emphasis added). Accordingly, forcing the parties to consolidate without the power of an MDL would be in violation of well-established Fourth Circuit precedent.

Ultimately, consolidation under the first, and only, filed class action[2] is the most appropriate way to handle the ever growing docket of Camp Lejeune cases in the manner which the Court desires. The undersigned filed the first, and only, class action under the act. In such action the class is defined as "all persons who were stationed at Camp Lejeune during the relevant time period suffering from medical diagnosis as a result of their exposure to contaminated water sources and have exhausted their administrative remedies as required by the PACT Act and FTCA."[3] This class definition encompasses all properly filed CLJA cases. The handling claims under the class action mechanism of Rule 23 of the Federal Rules of Civil Procedure remains the best and only approach to effective judicial management of these cases via channeling individual claims into the proposed Tranche system. *See Williams et al. v United States of America*, Case No. 7:23-cv-22, Dkt. No. 17 (E.D.N.C.). In addition, the resolution of issues on a class-wide basis will necessarily impact any cases that ultimately choose to opt-out, but the Court would not be depriving any opt-out parties of their rights nor forcing them to join a case they do not want to. As a result, consolidation and appointment of leadership under Rule 23 has the added benefit of removing potential appellate issues early on, and prevents those individualized cases from moving along their own track simultaneously.

In summary, this important litigation is more impacted by inefficiencies and the passage of time than most. Consolidation under Rule 23 will move the largest number of cases off the Court's regular docket and into sub-tracks as expeditiously as possible. This approach allows the court and all counsel to seek resolution on multiple fronts through the various tranches while simultaneously and judiciously managing all cases ensuring swift and speedy justice for all involved. The Court should continue its leadership vetting process and appoint interim class counsel under the first and only class action filed in the District.

---

[2] *See Stephen M. Williams, et al. v. United States of America*, Case No. 7:23-cv-22-D (E.D.N.C.).
[3] *Id.* Dkt. No. 1 at ¶ 61.

Respectfully submitted,

*/s/Roy T. Willey*

Roy T. Willey, IV


cc:     All counsel who have entered appearances on the Master Docket, No. 7:23-cv-897 via ECF